IN THE CIRCUIT COURT OF MARYLAND
FOR ANNE ARUNDLE COUNTY

| | |
|---|---|
| IAN RICE<br>MARIE RICE<br>7927 MANSIONHOUSE CROSSING<br>PASADENA, MD 21122 (Anne Arundel County)<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. formerly<br>WELLS FARGO DEALER SERVICES, INC.<br>formerly WACHOVIA DEALER SERVICES, INC.<br>101 N. PHILLIPS AVENUE<br>SIOUX FALLS, SD 57104<br>Serve on: CSC-Lawyers Incorporating Service<br>          7 St. Paul Street, Suite 1660<br>          Baltimore, MD 21202<br><br>VITAL RECOVERY SERVICES, INC.<br>3795 DATA DRIVE<br>NORCROSS, GA 30092<br>Serve on: Glenn Legal<br>          3107 Saturday Court<br>          Finksburg, MD 21048<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. C-13-178493 |

## COMPLAINT

Plaintiffs Ian Rice and Marie Rice ("Rice"), through their attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Complaint against Wells Fargo Bank, N.A. ("Wells Fargo") and Vital Recovery Services, Inc. ("Vital Recovery") and states:

I. **INTRODUCTION**

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to

recover statutory damages, reasonable attorney's fees and costs of suit due to Defendant's statutory violations.

2. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4. Plaintiffs Rice file this Complaint seeking redress for the illegal practices of Vital Recovery in connection with the collection of a consumer debt in violation of the FDCPA.

5. In violation of the FDCPA, Vital Recovery contacted Rice by telephone while attempting to collect a consumer debt and failed to provide Rice with a letter within five day of the first communication containing required information.

6. In violation of the FDCPA, Vital Recovery was notified that Rice was represented by an attorney but nonetheless continued efforts to collect directly from Rice.

7. In further violation of the FDCPA, Defendant continuously failed to identify itself as a debt collector and instead affirmatively misrepresented itself as the original lender while attempting to collect a consumer debt.

8. Vital Recovery is an entity that provides debt collection services to lenders on defaulted consumer debt.

9. Vital Recovery's attempt to collect debts from Maryland consumers through the telephone and by United States mails.

10. Vital Recovery conducts business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

11. The communications from Vital Recovery to Rice were generally contradictory, inaccurate and misleading.

12. Wells Fargo violated the MCDCA by continuously referring Rice's debt from collector to collector with knowledge that Rice was represented by an attorney.

## II. PARTIES

13. Plaintiffs Ian and Marie Rice are natural persons currently residing at 7927 Mansionhouse Crossing, Pasadena, Maryland 21122 (Anne Arundel County), are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3) and Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

14. Defendant Vital Recovery Systems, Inc., is a Georgia corporation with a business address of 3795 Data Drive, Norcross, GA 30092.

15. At all times relevant to this Complaint, Vital Recovery transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

16. Defendant Wells Fargo is a corporation formed under the laws of the United States of America with a business address of 101 N. Phillips Avenue, Sioux Falls, SD 57104.

17. Wells Fargo was merged with Wells Fargo Dealer Services, Inc. and with Wells Fargo as the surviving entity.

18. Wells Fargo Dealer Services formerly operated under the name Wachovia Dealer Services, Inc.

19. At all times relevant to this Complaint, Wells Fargo transacted business in the District of Maryland and at other locations throughout Maryland and filed collection lawsuits in Maryland state courts to collect on deficiency balances after repossession. Wells Fargo operates as a collection agency and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

21. Because Defendant regularly does business within the State of Maryland personal jurisdiction is established.

22. Venue is proper in this District because Plaintiffs reside in this District, Defendant attempted to collect a consumer debt from Plaintiffs in this District and the conduct complained of occurred in this District.

### IV. FACTUAL ALLEGATIONS

23. Plaintiffs applied for consumer credit and entered into a retail installment sales contract for the purchase and finance of a motor vehicle in Maryland with Wachovia Dealer Services.

24. Wachovia Dealer Services is now known as Wells Fargo Dealer Services.

25. The motor vehicle loan with Wells Fargo Dealer Services is a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5) and Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

26. Plaintiffs defaulted on the consumer credit motor vehicle loan obligation.

27. Wells Fargo placed numerous telephone calls to Rice demanding payment on the defaulted consumer credit loan obligation.

28. During these calls, Rice notified Wells Fargo of attorney representation with respect to the specific debt.

29. Rather than continuing trying to collect directly from Rice, Wells Fargo hired a debt collector to attempt to collect the debt from Rice.

30. Rice was not notified that Wells Fargo referred the collection of the defaulted consumer credit motor vehicle loan to Commercial Recovery Services for collection.

31. Commercial Recovery Services is a debt collector and was working as an agent on behalf of Wells Fargo.

32. Rice received several telephone calls from Commercial Recovery Services requesting that Rice make a payment on the loan obligation.

33. On several occasions, Rice called Wells Fargo to determine how much remained outstanding on the defaulted loan obligation.

34. During these calls, Rice was rerouted through Wells Fargo's phone system to Commercial Recovery Services.

35. Rice notified Commercial Recovery Services of attorney representation with respect to the Wells Fargo debt.

36. Unable to collect from Rice through Commercial Recovery Services, Wells Fargo hired Bay Area Credit Services to attempt to collect the alleged debt from Rice.

37. Bay Area Credit Services is a debt collector and was working as an agent on behalf of Wells Fargo.

38. Rice received several phone calls from Bay Area Credit Services requesting that Rice make a payment on the loan obligation.

39. Rice notified Bay Area Credit Services of attorney representation with respect to the Wells Fargo debt.

40. Unable to collect from Rice through Bay Area Credit Services, Wells Fargo hired Vital Recovery Systems, Inc. to attempt to collect the alleged debt from Rice.

41. Rice received several phone calls from Vital Recovery requesting that Rice make a payment on the loan obligation and attempting to determine if Rice intended to file bankruptcy.

42. Rice notified Vital Recovery of attorney representation with respect to the Wells Fargo debt.

43. Nonetheless, Vital Recovery continued attempting to collect directly from Rice.

44. Vital Recovery did not notify Rice that they were an entity separate and distinct from Wells Fargo.

45. After the initial contact with Rice, Vital Recovery failed to mail a letter to Rice within five days disclosing the amount of the debt, the name of the creditor to whom the debt was owed and a statement regarding the 30 day period to request validation of the debt.

46. Wells Fargo was aware of attorney representation at all times during which Commercial Recovery Services, Bay Area Credit Services and Vital Recovery Systems were attempting to collect on the alleged debt.

47. While attempting to collect the alleged debt from Plaintiffs, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

48. As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiffs have sustained statutory and actual damages in the form of expenses in attempting to correct Defendants misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

## V. CAUSES OF ACTION

### COUNT I
### (FAIR DEBT COLLECTION PRACTICES ACT)
(Vital Recovery Only)

49. Plaintiffs incorporate by reference all of the allegations of this Complaint as though fully stated herein.

50. While attempting to collect the alleged debt from Plaintiffs, Vital Recovery acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

51. FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692e(13), 1692f and 1692g(a) amongst others.

52. As a direct and proximate result of Vital Recovery's illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiffs have sustained statutory damages.

## COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

53. Plaintiffs incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

54. MCDCA states that a "collector" while collecting or attempting to collect a debt may not:

> communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6).

55. As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

56. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

57. As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendant caused Plaintiff severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

- For an order declaring that the Defendant's actions as described above are in violation of the FDCPA and MCDCA;

- for an award of statutory damages pursuant to 15 U.S.C. § 1692k against Vital Recovery not to exceed $1,000 per Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against Vital Recovery;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.

Respectfully submitted,

Z LAW, LLC

Dated: May 15, 2013

Cory L. Zajdel, Esq.
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
(443) 213-1977
clz@zlawmaryland.com

Attorney for Plaintiffs

**TRUE COPY,**
**TEST: Robert P. Duckworth, Clerk**
**By:** _____ **Deputy**

## JURY TRIAL

Plaintiffs Marie and Ian Rice demand trial by jury.

_____
Cory L. Zajdel

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By:_____Deputy